IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY**, <br><br> Plaintiff, <br><br> v. <br><br> **SHAWN NORTON AND DUSTIN HALL**, <br><br> Defendants. | Case No. 3:20-cv-399-SI <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

State Farm Fire and Casualty Company (State Farm) filed this action seeking a declaratory judgment regarding the scope of coverage of an automobile insurance policy. Defendant Dustin Hall (Hall) was hired by an automobile dealership to tow Defendant Shawn Norton's (Norton) vehicle from the dealership back to Norton's home. Norton's vehicle was damaged during towing. State Farm was the insurer of the truck used by Hall to tow Norton's vehicle. Before the Court is a motion for summary judgment filed by State Farm, seeking a declaratory judgment that it owes no defense or indemnity duties of coverage to Hall under State

Farm's insurance policy covering the truck. Hall did not file a response in opposition to State Farm's motion.[1] For the reasons that follow, State Farm's motion is granted.

## STANDARDS

### A. Summary Judgment

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

As noted, Hall did not file a response to State Farm's motion for summary judgment. When a party fails to respond to a fact asserted by the movant, a court may:

---

[1] State Farm served Hall with the complaint and summons, and Hall answered. He did not, however, respond to State Farm's motion for summary judgment. The Court *sua sponte* provided Hall additional time to file his response, but the Court's mailing was returned as undeliverable. It is a party's ongoing responsibility to keep the Court apprised of the party's current mailing address and other contact information. Local Rule 83-10. In addition, State Farm served Norton with the complaint and summons, but Norton never responded. The Court hereby *sua sponte* enters an order of default against Norton.

> (1) give [the party] an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This rule was amended in 2010 to incorporate the "deemed admitted" practice of many courts—where a party fails to respond to an asserted fact, that fact may be "deemed admitted" (considered as undisputed). *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). Here, the Court will consider as undisputed the facts asserted by State Farm in its unopposed motion.

Considering a fact as undisputed, however, does not mean that summary judgment automatically may be granted. A court must still determine, considering the facts the court has found undisputed for want of a response, the legal consequences and proper inferences to be drawn from those facts. *Id.* (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). Accordingly, the Court considers State Farm's motion on the merits in light of the undisputed facts.

**B. Declaratory Judgment**

The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Declaratory relief is appropriate when "the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Ed Niemi Oil Co., Inc. v. Exxon Mobil Corp.*, 2013 WL 957007, at *11 (D. Or., March 11, 2013) (quoting *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000); *see also Countrywide Home Loans, Inc., v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011) ("[T]he appropriate inquiry for a district

court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief."). The Ninth Circuit has "consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *Gov't Emps Ins. Co. v. Dizol.* 133 F.3d 1220, 1222 n. 2 (9th Cir. 1998).

If "the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment." *Home Indem. Co. v. Stimson Lumber Co.*, 229 F. Supp. 2d 1075, 1086 (D. Or. 2001) (quoting *Montrose Chem. Corp. of Cal. v. Superior Court*, 6 Cal. 4th 287, 301 (1993)) (internal quotation marks omitted). "[T]here is also no black-letter rule prohibiting a court from determining the duty to indemnify issue while the underlying liability action is still in progress." *Charter Oak Fire Ins. Co. v. Interstate Mech., Inc.*, 958 F. Supp. 2d 1188, 1215 (D. Or. 2013). If there are parallel state proceedings involving *the same issues* and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991). The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. *Id.* at 1367

The Supreme Court has provided guidance for the exercise of the district court's discretionary decision whether to entertain declaratory relief. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). Essentially, the district court "must balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain*, 931 F.2d at 1367.

## BACKGROUND

In October 2017, Norton experienced issues with his Dodge Ram pickup truck and had it towed to a dealership for repairs. Unable to complete the repairs, the dealership sought to have

the vehicle towed back to Norton's house. The dealership hired Hall to tow the vehicle. Hall used a 2009 GMC K2500 pickup truck owned by Angela Means (Means) to tow Norton's vehicle. Means' truck was insured at the time by a State Farm-issued vehicle insurance policy (the Policy), naming Means as the only named insured. The Policy was in effect from September 27, 2017 to March 27, 2018. During Hall's transportation of Norton's Dodge truck, Norton's Dodge truck became detached from Means' GMC truck and crashed. As a result, the Dodge was declared a total loss.

Norton sued the dealership and Means in Clackamas County Circuit Court (the Clackamas Action). ECF 1-2 (the Norton Complaint). Means filed a third-party claim against Hall in the Clackamas Action, alleging that he exceeded the scope of his permission by using Means' GMC truck to tow Norton's truck. ECF 1-3. For purposes of the pending motion for summary judgment, State Farm assumes that Means "lent her GMC to defendant Dustin Hall for defendant Hall to use the GMC as a towing vehicle" and that "Hall can qualify as an insured under the policy issued to Ms. Means." Accordingly, the Court assumes these facts as undisputed for purposes of the pending motion.

## DISCUSSION

**A. Whether Declaratory Judgment is Appropriate**

The Court exercises its discretion to consider this declaratory action. State Farm has asserted diversity jurisdiction, and an amount in controversy of more than $75,000. Whether State Farm has a duty to defend and indemnify Hall is a substantial controversy between parties having adverse legal interests, and it is of sufficient immediacy to warrant the issuance of a declaratory judgment. The coverage question is independent of the state law question at issue (*i.e.*, negligence) in the Clackamas Action. This Court can reach a decision on whether the Policy

applies to the facts as shown by the evidence at summary judgment without rendering an opinion on any party's liability to another party for the injuries alleged in the Clackamas Action.

Further, the Court's consideration of the *Brillhart* factors supports reaching a declaratory judgment. The *Brillhart* factors are: (1) avoiding needless determinations of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *Id.* Other considerations may also be relevant, such as

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5. Considering these factors, "on balance, the Court concludes that entertaining this action is appropriate, and the parties do not argue otherwise." *Wausau Bus. Ins. Co. v. Boyd Coffee Co.*, 2014 WL 897115, at *9 (D. Or. Mar. 3, 2014).

**B.   Standards for Evaluating Duties Under Insurance Policies**

State law guides the interpretation of insurance policies and an insurer's duty to defend and indemnify. *Allstate Ins. Co. v. Morgan*, 123 F. Supp. 3d 1266, 1272-73 (D. Or. 2015). The duty to defend is broader than the duty to indemnify—the duty to defend is triggered by the pleadings, but the duty to indemnify is triggered by facts establishing a right to coverage. *Id.* at 1273. If the insurer can prove that the insured is precluded from coverage under the policy, the insurer can establish that it has neither a duty to defend nor to indemnify. *Id.* To establish a lack of coverage, the insurer bears the burden of proving exclusion from coverage. *Id.* A court must construe exclusion clauses narrowly, construing ambiguity against the insurer. *Id.*

Under Oregon law, courts look to "two documents to determine whether an insurer has a duty to defend against an action against its insured: the insurance policy and the complaint in the action against the insured." *Bresee Homes, Inc. v. Farmers Ins. Exch.*, 353 Or. 112, 116 (2012). When assessing the duty to defend, courts determine whether the conduct alleged in the complaint is covered or excluded by the insurance policy. *Marleau v. Truck Ins. Exch.*, 155 Or. App. 147, 152-53 (1998). To trigger the duty to defend, a complaint need not be in perfect form but must contain factual allegations, without amendment, sufficient to state a claim for an offense covered by the insurance policy. *See Bresee Homes*, 353 Or. at 116. The Court construes the policy as a whole. *Id.*

In Oregon, interpretation of an insurance contract is a question of law. *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Or.*, 313 Or. 464, 469 (1992). "The primary and governing rule of construction is to ascertain the intention of the parties." *Id.* In order to determine the intention of the parties, courts look to the terms and conditions of the insurance policy itself. Or. Rev. Stat. § 742.016. The court's role is "not to insert what has been omitted, or to omit what has been inserted," but rather "simply to ascertain and declare what is, in terms or in substance, contained therein." Or. Rev. Stat. § 42.230.

## C.  Relevant Terms of the Policy

The Policy contains the following relevant text:

In the Definitions section:

> ***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles[.]
>
> * * * * *
>
> **You** or **Your** means the named insured or named insureds shown on the Declarations Page[.]

> \* \* \* \* \*
>
> ***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page.

ECF 17-1 at 5-6 (emphasis in original).

> In the Liability Coverage section:
>
> > ***Insured*** means:
> >
> > \* \* \* \* \*
> >
> > 3. any other ***person*** for his or her use of:
> >
> > > a. ***your car***[.]
> >
> > \* \* \* \* \*
> >
> > Such vehicle must be used within the scope of ***your*** consent[.]

*Id.* at 6-7 (emphasis in original).

> In the Exclusions section:
>
> > There is no coverage for an ***insured***:
> >
> > \* \* \* \* \*
> >
> > 7. While maintaining or using a vehicle in connection with that ***insured's*** employment in or engagement of any kind in a ***car business***. This exclusion does not apply to:
> >
> > > a. ***you***
> > >
> > > b. any ***resident relative***; or
> > >
> > > c. any agent, employee, or partner of a. or b. above
> >
> > while maintaining or using ***your car***[.]
> >
> > \* \* \* \* \*
> >
> > 10. For damage to property while it is:
> >
> > \* \* \* \* \*
> >
> > > d. In the care of; or

PAGE 8 – OPINION AND ORDER

>   > e. Transported by
>
> *You*, a *resident relative*, or the person who is legally liable for the damage. This exclusion does not apply to damage to a:
>
> > a. motor vehicle *owned by* the employer of *you* or any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle[.]

*Id.* at 8, 27.

## D. Analysis

State Farm argues that Hall's use is not covered because of two exclusions under the Policy. First, State Farm argues that coverage is excluded under the "car business" exclusion. Second, State Farm argues that coverage is excluded under the "property damage" exclusion.

### 1. Car Business Exclusion

The "car business" exclusion provides: "There is no coverage for an insured . . . [w]hile maintaining or using a vehicle in connection with . . . engagement of any kind in a car business." Car business is defined as "a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles[.]" The exclusion does not apply to the named insured, resident relative, or to any "agent, employee, or partner" of the named insured.

In the Clackamas Action, Norton asserts in the Norton Complaint that Hall was operating a towing business with Means' borrowed GMC truck.[2] Thus, Norton's position is that Hall was engaging in a business where the purpose was to transport motor vehicles. The Norton

---

[2] Means disputes some of the facts as alleged by Norton in her state court complaint, including whether Hall had her permission to use the truck in his towing business. Under the facts as alleged by Means, however, Hall would not qualify as an insured under the Policy and there still would not be any coverage. For purposes of this motion, as noted above, State Farm is conceding that Hall qualifies as an insured. Thus, those underlying factual disputes in state court are not relevant.

Complaint does not allege that Hall is an agent, employee, or partner of Means, the named insured. Thus, none of the exceptions to the car business exclusion apply. Under the definitions provided in the Policy and the plain meaning of the terms, the "car business" exclusion precludes coverage under these facts as alleged by Norton in his state court complaint.

### 2. Property Damage Exclusion

State Farm also argues that the exclusion for property damage while it is in the care of or being transported by the person who is legally liable for the damage also precludes State Farm's duty to provide any coverage for Hall. The Court agrees. Assuming that Hall is an insured, it would be because Means gave him permission to use her truck. Hall then used her truck to tow Norton's vehicle, and Norton's vehicle was damaged as a result of Hall's towing. Norton previously asserted that Hall is legally liable for the damages to Norton's vehicle. The property damage exclusion precludes coverage when the party who is ultimately legally liable for property damage (Hall, as alleged by Norton) caused damage to property that was "in the care of" or "transported by" that legally responsible party (*i.e.*, Hall). As alleged by Norton in his state court complaint, Hall was transporting Norton's vehicle when Hall caused the damage to Norton's truck that Hall is legally liable for. This exclusion, in addition to the car business exclusion, thus also serves to preclude coverage. Because either or both exclusions apply, State Farm owes no duty to defend or indemnify Hall.

## CONCLUSION

The Court GRANTS State Farm's Motion for Summary Judgment (ECF 17).

**IT IS SO ORDERED**.

DATED this 25th day of November, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge